HERGET, Judge.
New Amsterdam Casualty Company, the workmen’s compensation insurer of Ronald A. Coco, Inc., instituted proceedings by rule nisi in the Nineteenth Judicial District Court under the provisions of LSA-R.S. 23:1331 to discontinue its weekly workmen’s compensation payments of $26.55 being paid to Emerson Holmes under a decree of date April 13, 1956 wherein the said Holmes was adjudged to be totally and permanently disabled within the meaning of the Workmen’s Compensation Act. New Amsterdam Casualty Company appealed and this Court affirmed the judgment of the Trial Court. On January 2, 1957 a rehearing was denied and upon the Supreme Court denying the application for writs of certi-orari on February 27, 1957 the finality of the judgment was established. Holmes v. New Amsterdam Casualty Company, La.App., 91 So.2d 90.
On the trial of the rule nisi the Trial Court, for oral reasons assigned, rendered judgment on July 29, 1960 “amending the original judgment rendered herein and decreeing that the period of disability ended as of March 4, 1960 and no further compensation is due or owing to Emerson Holmes.”
The matter is now before this Court on appeal by Emerson Holmes, defendant in rule, from said judgment.
In its petition for rule New Amsterdam Casualty Company alleged in paragraph 6:
“Petitioner is informed and believes, and, hence, alleges that said Emerson Holmes has fully recovered from the injuries suffered in the alleged accident and is now able to return to work.”
And in paragraph 8:
“As more than six months have elapsed since the rendition of the said judgment by this honorable court, petitioner desires, and is entitled, to have the same reviewed and modified on the grounds that the incapacity of said Emerson Holmes has ceased, or, alternatively, diminished.”
The law providing for the rule instituted by New Amsterdam is found in LSA-R.S. 23:1331, reading as follows:
“A judgment of compensation may be modified by subsequent agreement between the parties, with the approval of a judge of the court which rendered the same.
“At any time six months after the rendition of a judgment of compensation, a judge of the trial court that rendered the judgment shall review the same upon the application of either party for a modification thereof, on the grounds that the incapacity of the employee has been subsequently diminished or increased, or that the judgment was obtained through error, fraud, or misrepresentation. In such cases the provisions of R.S. 23:1121 through R. S. 23:1124 with reference to medical examinations shall apply.”
The sole issue presented for resolution in this rule is the determination of the question of whether or not the incapacity of Emerson Holmes to perform manual labor has diminished. Neither this Court nor the Trial Court has authority to determine whether the original decree granting total disability to the Defendant in Rule is proper or correct because, as heretofore pointed out, said judgment has become final.
*271 In his written reasons for judgment-on the trial of the case for workmen’s compensation, the Trial Court — though expressing doubt as to the proof by plaintiff Emerson Holmes of the accident alleged and disability — said:
“ * * * The testimony on which I mainly depend in this case is that of Dr. Campanella, who is an orthopedic specialist of wide experience. He found muscle spasm and other symptoms to support his opinion that the plaintiff suffered a lumbar sacral strain; that it has resulted in some permanent disability and that if plaintiff attempted to perform manual labor he would suffer pain for at least a time. This doctor thinks that if plaintiff would try to work he might improve. I think plaintiff should try it, but at the time of trial of the case he had not done it. In the light of Dr. Campanella’s opinion of his condition this court holds that at the time of said trial the plaintiff was totally and permanently disabled from doing work of any reasonable character.”
In affirming this judgment on appeal, Holmes v. New Amsterdam Casualty Company, 91 So.2d 90, supra, this Court quoted with approval these reasons by the Trial Court. Therefore it becomes incumbent upon the Plaintiff in Rule to prove by a preponderance of evidence the disability of Holmes attributable to an accident during the course of his employment, so decreed on April 13, 1956, has diminished.
Plaintiff in Rule on the trial thereof called Dr. J. Willard Dowell, admittedly an expert orthopedic surgeon, who had examined Defendant in Rule on January 18, 1960. Dr. Dowell testified he found a slight limitation of extension on straightening the back. Though he felt there was a possibility Holmes was capable of doing his regular work and he could be wrong in this belief, admittedly he had not worked and because of that fact Dr Dowell was of the opinion it would be inadvisable for him to return to heavy work and under any circumstances he should be returned to restricted duty only until his ability to perform without pain his usual duties was determined by returning and trying.
Dr. Charles McVea, stipulated to be well qualified as an expert in the field of medicine, testified as he did on the original trial of the case on the merits that in his opinion the Defendant in Rule was able to perform the duties of a manual laborer, including bending, lifting, stooping, et cetera. His last examination of Defendant in Rule was made on March 24, 1958 and following this examination he testified he was more or less of the same opinion he expressed when he testified on the trial of the case originally following his examination in 1955. On the trial of the case at that time he had noted on the X-rays some lipping posteriorly of the fifth lumbar vertebra which, in itself, he said could cause pain. No additional X-rays had been taken at the time of his examination on March 24, 1958.
Defendant in Rule, Emerson Holmes, in his testimony declared that since the adjudication of this case on its merits he had not done any manual labor because his back still pained him and he would not undertake to do even light work for fear if he did so his compensation would be jeopardized. He said the only condition upon which he would perform light work would be subsequent to a settlement of his judgment for total disability with the Plaintiff in Rule.
In corroboration of his testimony, Defendant in Rule produced witnesses who. testified of his complaints to them of the presence of pain in his back and that since the date of the original judgment Holmes in fact had performed no manual labor. Consequently, it seems it has been proven without question since April 13, 1956 the Defendant in Rule has not performed work of any character, it having been shown and admitted by the insurer that Holmes had been kept under constant surveillance and at no time were they able to detect Holmes performing any laborious duties.
*272 Dr. Thomas Campanella' an orthopedic surgeon, on whose testimony the Trial Court relied for awarding judgment to Holmes for total disability in the original trial, was called by the Defendant in Rule and testified as follows:
“A. Emerson Holmes was questioned as to the difficulties that he had been having since his injury way back in 1955 and I had asked him whether or not he had returned to work and he said ‘no’ and then I asked him why and he said because he cannot do any bending or stooping or lifting. And in addition, he stated that he still was suffering with the back, having low back pain, and had to sleep on a hard mattress and frequently when he abused the back that he would have very bad back pains. On the examination, particularly to the lower back, the patient had some residual soreness all localized in the lumbosacral region. There was no evidence of any muscle spasm in this area, however, patient still had restriction of motion of the spine with pain produced when he attempted to bend forward, the pain being localized in the region of the lumbosacral spine. Hyperextension of the back caused again pain in this region and lateral bending of the back to the left and to the right caused contralateral pain. When he bent to the left he said he would have pain in the lumbosacral area and to the right and when he bent to the right he would have pain on the left. The straight leg raising test, the Patrick test, the Laseque signs, were not limited, but the patient did complain of pain in the lumbosacral area. The neurological examination, particularly for nerve root involvement, was negative. The popliteal compression test for sciatica was negative. The X-rays were seen by me that Dr. Dow-ell had previously and these films did not show any changes from the original films. The patient still had degenerative changes in the lumbosacral spine and still showed some posterior narrowing of the spine, and the transverse process on the right side was still the same as it had been originally, which is an old congenital difficulty, a very old congenital difficulty, probably has nothing to do with this injury. I felt that this man was suffering from an unstable lumbosacral joint, that I had nothing additional to offer other than surgery, and as the Court recalls I did recommend surgery initially. I believe that a spinal fusion in this case is indicated and would help him.
“Q. Now, Doctor, you testified on the - originally on the trial of this case that the chronic strain of the lumbosacral joint was a permanent condition. Is that still your opinion? A. Yes, sir.
“Q. And that if Emerson Holmes attempted to do any hard manual labor such as lifting, stooping or climbing or any other type of hard manual labor such as that required, of a worker at a sawmill or planer mill he would suffer pain in doing that, would he not? A. I should think so, yes, sir.”
Dr. Campanella further testified the lack of use of his back in itself would be an inhibition to Defendant in Rule returning to heavy duty work or the type of work he- was doing at the time he was injured and there would have to be employment at light work to rehabilitate him if Defendant in Rule had recovered from his injury. Dr. Campanella expressed the further opinion if in fact the Defendant in Rule was telling the truth about not having worked— and in this respect the evidence adduced on the trial of the case is that Defendant in Rule has not performed any manual labor since the date of the judgment — -“I know there is something wrong with him simply because he has not used his back.” On cross-examination the doctor related the medical opinion he was giving in the case was a conjectural estimate on whether Emerson Holmes was lying or telling the *273 truth. On redirect examination, at page 531, we find the following question and answer:
“Q. Now, Dr. Campanella, when you examined this man initially in November, November 21, 1954, and March 3, 1955, and testified on the trial of this case in 1955, it was your opinion then that he had a permanent condition of an unstable lumbar sacral joint and that still is your opinion today, is it not? A. Yes, sir.”
A review of Dr. Campanella’s testimony reveals his statement that he based his medical opinion on whether or not the Defendant in Rule was telling the truth had reference to the question of his telling the truth about not using his back and not as to his telling the truth about his complaints, for it was his testimony if Defendant in Rule had not used his back in the past few years he would not now be able to perform manual labor.
Counsel for Defendant in Rule contend the very fact Defendant in Rule has not performed any laborious work since the date of the judgment decreeing his disability is proof of the correctness of the Trial Court and of this Court in affirming said judgment that Defendant in Rule was and is totally disabled. To the contrary, counsel for Plaintiff in Rule maintain his failure to work is attributable only to his willingness to refrain therefrom and be content with drawing his weekly compensation. In either event, the fact remains Defendant in Rule has not, as shown by the evidence, performed any laborious work since the date of the judgment awarding him total disability.
It is well established jurisprudence of this State in a compensation case the measure of disability of an injured employee is not based on his ability to work but upon his ability to work without pain, and the test is not whether a plaintiff is able to perform light work but whether or not he is able to do the same or similar type of work.he was performing when injured. Anders v. Employers Liability Assur. Corp., Limited, La.App., 50 So.2d 87; Brown v. International Paper Co., La.App., 58 So.2d 557.
In their brief counsel for appellee conclude same with the remark: “The Court giveth and the Court taketh away.” This is alternately true in those instances where the evidence warrants a conclusion after giving consideration to the law involved and justification is shown for such action, bearing in mind the burden of proof rests upon the one provoking the action, as here the Plaintiff in Rule to show the incapacity of the claimant has subsequently diminished. Accepting, as we must, the law that requires Plaintiff in Rule to prove its case by a preponderance of evidence, it appears to us that the testimony reveals no diminishing in the incapacity of the Defendant in Rule to perform manual labor but, rather than diminishing, that his incapacity has increased due to the failure on the part of Defendant in Rule, whether voluntary or because of the intensification of pain, to use his back.
Accordingly, for these reasons, the judgment of the Trial Court making the Rule absolute in favor of Plaintiff in Rule and against Emerson Holmes, defendant in rule, and thereby amending the original judgment herein and decreeing the period of disability ended as of March 4, 1960 and no further compensation is due or owing to Emerson Holmes, is recalled at the costs of Plaintiff in Rule, including the cost of the expert witness fees of Doctors J. Willard Dowell, Thomas Campanella and Charles McVea fixed at $50 each and assessed as costs; and judgment is rendered reinstating, without interruption in the payments, the original judgment of the Trial Court of date April 13, 1956 which fixed the compensation due Emerson Holmes.
Judgment reversed and rendered.