HERGET, Judge.
On May 22, 1961 in the Nineteenth Judicial District Court plaintiff, Oscar J. Brown, was adjudged to be totally disabled and awarded judgment as such against Marquette Casualty Company, the workmen’s compensation insurer of Plaintiff’s employer. No appeal was taken from this judgment.
On April 24, 1963 under the provisions of LSA-R.S. 23:1331 Marquette Casualty Company filed a petition in the same proceeding seeking to have the case reopened “ * * * on the grounds that the incapacity of the plaintiff, Oscar Brown, has been subsequently diminished and that he has no disability as a result of the accident herein sued upon.”
Plaintiff, Oscar J. Brown, answered this petition of Marquette Casualty Company and following trial of the issues raised, the Court, for oral reasons assigned, decreed that there be “ * * * judgment herein in favor of the Plaintiff, Oscar J. Brown, and against the Defendant, Marquette Casualty Company, dismissing this action at defendant’s costs. * * * on this 27th day of Aug., 1963.” From this judgment Marquette Casualty Company appealed.
In this Court counsel for defendant, Marquette Casualty Company, in oral argument *545 and in their brief, maintain that in dismissing Defendant’s action to modify the judgment of total disability heretofore rendered herein the Trial Court erred:
“1. By sustaining the peremptory exception of Res Adjudicata urged by plaintiff, Oscar J. Brown.
“2. By holding that the incapacity of the employee had not subsequently diminished since the date of the first judgment rendered herein, namely May 22, 1961, all within the meaning of LSA-RS 23-1331.
“3. In the alternative, by not holding that the judgment rendered, read and signed on May 22, 1961, was obtained through error, all within the meaning of LSA 23-1331.”
On the trial of the complaint of Defendant seeking to modify the judgment, when Dr. F. C. McMains was called as a witness by counsel for Defendant, counsel for Brown objected on the ground that under the provisions of LSA-R.S. 23:1331 the sole issue presented by this proceeding was whether the incapacity of Plaintiff to work had diminished or increased following the judgment awarding total compensation. That the etiology or the cause of Plaintiff’s disability was res adjudicata under the judgment previously rendered. The Court made the objection general and admitted the evidence subject to the objection.
On the trial of Plaintiff’s suit for workmen’s compensation Dr. McMains testified Brown had sustained an acute lumbar muscle sprain resulting from an accident when employed by Defendant’s assured which rendered him totally disabled to perform his work. When subsequently tendered on the trial of the complaint instituted by Marquette Casualty Company Dr. Mc-Mains was of the opinion his former diagnosis was not entirely correct, and his opinion expressed on the trial of the issue now on appeal was that the causation of Plaintiff’s disability is gout. In other words, he was of the opinion the incapacity from which Plaintiff suffered preventing his working was not related to an industrial accident. Appellant does not now contend Appellee is not incapacitated or that his incapacity has diminished since the date of the judgment awarding him total disability. It maintains the cause of the incapacity for which Plaintiff was awarded total disability was diagnosed a back sprain; whereas, though Plaintiff is presently disabled, his incapacity is due to gout which is in no way connected with the accident.
Though counsel in his argument and in briefs submitted to this Court maintains the Trial Judge erroneously refused to set aside the judgment fixing compensation as for total disability on the ground same was obtained through error within the meaning of LSA-R.S. 23:1331, no such allegation was made in Defendant’s petition wherein it seeks a modification of the judgment.
The applicable law pertaining to the issues presented is found in LSA-R.S. 23:-1331, reading in part as follows:
“At any time six months after the rendition of a judgment of compensation, a judge of the trial court that rendered the judgment shall review the same upon the application of either party for a modification thereof, on the grounds that the incapacity of the employee has been subsequently diminished or increased, or that the judgment was obtained through error, fraud, or misrepresentation. In such cases the provisions of R.S. 23:1121 through R.S. 23:1124 with reference to medical examinations shall apply.”
In our opinion the sole issue presented is whether the capacity of Oscar J. Brown to perform work similar in character to that he was engaged in performing on the date of the accident has increased, thereby warranting a modification of the judgment of total disability. No evidence was offered to' the effect. Plaintiff’s incapacity had diminished. The adjudication of the cause of his disability is res adjudicata. To permit the reopening of the case following *546 judgment under such circumstances as exist here would do violence to the intention of the Legislature as expressed in the language of LSA-R.S. 23 .T331 supra as it is apparent the Legislature intended the modification of the judgment to be made only upon a showing of a subsequently diminished or increased incapacity of the employee.
In Holmes v. New Amsterdam Casualty Company, La.App., 128 So.2d 269 we refused to review the propriety or correctness of a judgment granting total disability because of the finality of such adjudication and restricted mover’s application to modify such judgment to its proof the employee’s-disability had diminished.
In Gaspard v. The Fidelity & Casualty Co. of New York, La.App., 109 So.2d 278 plaintiff sought workmen’s compensation resulting from an alleged hernia recieved in his employment. Following trial of the case his suit was dismissed, and on appeal such judgment was affirmed. Subsequently plaintiff underwent surgery and the hernia was found to exist. Thereupon, the employee filed a petition seeking to have the case reopened and, in the alternative, to have the original judgment annulled and set aside on the ground same was based upon error. Exceptions of res adjudicata and no cause or right of action to this petition of plaintiff were sustained and plaintiff’s suit dismissed. From this judgment an appeal was taken to this Court and we affirmed the judgment of the Trial Court on the basis that no judgment had been rendered fixing and awarding compensation for a period exceeding six months. We further rendered judgment rejecting an alternative demand of Plaintiff alleging that the original judgment rejecting his demand should be annulled because same was based upon the testimony of the medical experts that he, plaintiff, did not have a hernia when in fact the surgery proved this opinion to be wrong; and rejected a further alternative demand of mover by holding that LSA-C.C. Article 21 providing equitable relief was inapposite, as such article is applicable only in instances where there is no expressed law on the subject, whereas our finding in the case was that LSA-R.S. 23 :1331 expressly provided the law.
For these reasons the judgment of the Trial Court is affirmed.