166 So.2d 31 (1964)
Hardy CLOUD, Plaintiff-Appellant,
v.
NATIONAL SURETY CORPORATION, Defendant-Appellee.
No. 1186.
Court of Appeal of Louisiana, Third Circuit.
June 24, 1964.
*32 John P. Navarre, Oakdale, for plaintiffappellant.
Gold, Hall & Skye, by Leo Gold, Alexandria, for defendant-appellee.
Before TATE, SAVOY, and HOOD, JJ.
TATE, Judge.
By the present proceedings, the defendant insurer seeks to reopen and modify an earlier award of weekly workmen's compensation. The defendant contends that the disability of the employee has diminished and ceased since the earlier judgment. The plaintiff appeals from judgment holding that his disability has ceased from the work-accident, thus terminating further compensation payments.
The present is a sequel to an earlier appeal in the same suit. 138 So.2d 630. In the judgment on the earlier appeal, we held that the plaintiff was entitled to workmen's compensation during disability for temporary total disability arising out of a lumbosacral sprain sustained at work on January 21, 1960.
The present modification proceedings were instituted under the provisions of LSA-R.S. 23:1331, which pertinently provides: "* * * At any time six months after the rendition of a judgment of compensation, a judge of the trial court that rendered the judgment shall review the same upon the application of either party for a modification thereof, on the grounds that the incapacity of the employee has been subsequently diminished or increased, * * *." A defendant employer or insurer instituting such modification proceedings has the burden of proving that the employee's disability has diminished or ceased and that the employee is no longer disabled from performing his occupational duties by reason of a work-caused injury. Belsome v. Southern Stevedoring, Inc., 239 La. 413, 118 So.2d 458; Holmes v. New Amsterdam Cas. Co., La.App. 1 Cir., 128 So. 2d 269; Fee v. Calcasieu Paper Co., La. App. 1 Cir., 112 So.2d 439.
The trial court found that the defendant insurer had sustained its burden of proving a cessation of work-related disability. We find no error in its conclusion.
In the earlier proceeding, we affirmed the trial court's finding of residual disability as of the trial of January, 1961, resulting from a lumbosacral sprain sustained at work a year earlier. This finding was primarily based upon the testimony of Drs. Schneider and Hatchette, orthopedists, and of Dr. Dupre, general practitioner. 138 So.2d 630 at 634-635. The orthopedists then estimated recovery in several months, while the general practitioner felt that the disability was only temporary.
*33 In the present modification proceedings to reopen the compensation award, both of these orthopedists testified unequivocably that the claimant had now completely recovered from the lumbosacral sprain, when they examined the claimant in September of 1962 and January of 1963. It was noted, however, that a pre-accident shortening of the left leg and stiffening of the left knee, to which reference was made in our earlier opinion, still had some restrictive effect on the claimant's ability to walk, just as had been the case before the accident; but the orthopedists found absolutely no residual orthopedic disability resulting from the accident.
The testimony of Dr. Dupre, the claimant's attending physician at the time of the first trial, was not available to evaluate the plaintiff's present condition. The claimant had never reported back to Dr. Dupre for treatment following the first trial.
However, the plaintiff was treated by three Oakdale general practitioners following the first trial, all of whom felt that the claimant was disabled from working due to a back condition. However, as to these physicians' testimony, we think it fair to state that their more recent treatment and examination of the claimant was primarily for a heart condition which manifested itself (according to the preponderance of the evidence) after the January, 1961 trial in the original proceedings for compensation. The remaining back disability to which these general practitioners testified, is not clearly shown by their testimony to be a residual of the earlier work injury of January 1960, which had produced a lumbosacral sprain.
To some extent the inconsistency of these doctors' testimony with that of the orthopedists who found complete recovery, may be explained by the formers' reliance on symptoms produced by non-work connected causes, such as the pre-accident leg injury, a non-traumatic arthritic condition, and a narrowing of an intervertebral space which had no relation to the accident. Likewise, the lay testimony as to the claimant's limping and his complaints of pain, can be construed as relating to ailments not causally related to the accident at work.
In finding that the testimony of the orthopedists on this orthopedic question outweighed that of the general practitioners, the trial court also relied upon the circumstance that the plaintiff had consulted and been examined by a neurosurgeon, an internist, and an orthopedist, but failed either to offer the testimony of these specialists or else to explain his failure to do so. The trial court therefore presumed that the testimony of these specialists would have been adverse to the plaintiff's claim for residual disability resulting from the accident. 8 West's Louisiana Digest (1936; including 1963 pocket parts), "Evidence".
Under all of these circumstances, we find no manifest error in the trial court's conclusion that the defendant had indeed borne its burden of proving a complete termination of any residual back disability resulting from the accident at work.
Able counsel contends, however, that the claimant Cloud is nevertheless entitled to compensation because the evidence shows that Cloud is now disabled from working because of a heart condition.
The preponderance of the evidence shows that this condition first manifested itself in April of 1961, approximately 15 months after the accident. The three general practitioners testifying as to it, stated that the disabling heart condition resulted from an insufficient blood supply to the heart and from hardening of the arteries.
One of these doctors ascribed no traumatic relationship whatsoever. Another stated that it was a "possibility" that financial worry resulting from his unemployment and pain had contributed to development of the heart condition. Tr. 59. The third felt that the claimant's sleeplessness *34 resulting from worries over his not working had precipitated the heart condition. The testimony of an internist who had examined the claimant for his heart condition was not produced, and the plaintiff failed to explain why this specialist's testimony as to causation of the ailment was not introduced.
In our opinion, the preponderance of the evidence does not prove any causal relationship between this disabling heart condition and the accident at work, in the absence of which the claimant is not entitled to workmen's compensation benefits for the heart disability. Danziger v. Employers Mutual Liability Ins. Co., 245 La. 33, 156 So.2d 468; Fontenot v. Camden Fire Insurance Ass'n, La.App. 3 Cir., 124 So.2d 640; Seals v. City of Baton Rouge, La. App. 1 Cir., 94 So.2d 478.
For the foregoing reasons, we affirm the judgment of the trial court terminating further workmen's compensation benefits on the ground that the plaintiff has completely recovered from his work-caused disability. The costs of this appeal are assessed against the plaintiff-appellant.
Affirmed.