LeSUEUR, Judge.
Joseph R. Allen has appealed from a judgment in favor of Herrin Transportation Company in an action brought by Herrin to reopen and modify an earlier judgment awarding Allen workmen’s compensation benefits, based on the cessation of disability since the earlier judgment.
The present appeal is a sequel to an earlier appeal in the same suit. In Allen v. Herrin Transportation Company, 192 So.2d 230 (La.App.1966), this court held:
“As the rfecdrd contains no medical or other evidence which contradicts the testimony and opinion of Dr. Murison relative to diabetic neuritis and its cause and effect in the instant case, and as we have no reason to doubt the same, we must accept that testimony and that opinion. We hold that the plaintiff has diabetic neuritis, which was caused, or at least aggravated, by his fall from the truck and which renders him incapable of doing manual labor of any reasonable character, and that, accordingly, he is totally and permanently disabled under the act.
“It may be that since the trial of this case plaintiff has recovered from his diabetic neuritis and, if so, it is unfortunate that the defendant has not had either the reason or the opportunity to have him examined for the purpose of showing such recovery. However, under the act (LSA-R.S. 23:1331) defendant will have that opportunity in the future.”
Herrin Transportation Company waited the statutory period of six months and then initiated this action under the provisions of LSA-R.S. 23:1331. The pertinent provisions of that act, as applicable to the present case are:
“ * * * At any time six months after the rendition of a judgment of compensation, a judge of the trial court that rendered the judgment shall review the same upon the application of either party for a modification thereof, on the grounds that the incapacity of the employee has been subsequently diminished or increased, * *
*763 Regarding the burden of proof that has to he borne by an applicant under the above provision, the Third Circuit in Cloud v. National Surety Corporation, 166 So.2d 31, 32 (La.App.1964) stated:
“A defendant employer or insurer instituting such modification proceedings has the burden of proving that the employee’s disability has diminished or ceased and that the employee is no longer disabled from performing his occupational duties by reason of a work-caused injury. Belsome v. Southern Stevedoring, Inc., 239 La. 413, 118 So.2d 458; Holmes v. New Amsterdam Cas. Co., La.App. 1 Cir., 128 So.2d 269; Fee v. Calcasieu Paper Co., La.App. 1 Cir., 112 So.2d 439.”
Workmen’s compensation benefits were awarded to plaintiff at the first trial based on the testimony of Dr. Paul J. Murison, a specialist in the field of internal medicine, who diagnosed plaintiff’s injury as diabetic neuritis. Although Dr. Murison had treated plaintiff for arteriosclerotic heart disease, diabetes and nervous tension prior to his accident, Dr. Murison at the time of plaintiff’s first trial was of the opinion that plaintiff had sustained a diabetic neuritis which caused the back and leg pains complained of and which, when considered in connection with plaintiff’s other medical difficulties, disabled plaintiff from performing his customary work as a laborer for defendant. At all times, from the time of the accident up to and including the time of the second trial, plaintiff has complained of pains in the lower back and legs which increase in severity upon physical exertion.
Prior to the trial in October, 1968, on the modification application, plaintiff was examined once by three different doctors. Dr. Murison examined plaintiff in February, 1968, and was still of the opinion that plaintiff was suffering from neuritis, although he testified that he was “uncomfortable” in describing the neuritis as diabetic. He was of the opinion that plaintiff still suffered with a neuritis condition and that plaintiff’s condition was as bad as or worse than when he had been examined last, but was not positive that plaintiff had diabetic neuritis. Dr. Muri-son testified that he was now, and should have been in 1966, uncomfortable in labeling this neuritis diabetic as there were other possible explanations but that “the diabetes was the most important underlying problem with the peripheral nerves.” He testified that plaintiff’s other medical difficulties also had contributing effects that would affect his neuritis condition.
Dr. Sam Nadler, accepted as an expert in internal medicine, testified that he examined plaintiff on July 26, 1967, and found evidence of a hypertensive cardiovascular disease, arteriosclerotic heart disease, and diabetes, but not diabetic neuritis. He testified that plaintiff’s complaints were of backache and the leg pains were of intermittent claudication and if plaintiff did in fact have neuritis it would not be an intermittent pain increasing with activity but would be a constant pain, not related to physical exertion. Neuritis is also a sensory pain, he stated, causing pain if the affected area is pressed upon, but the person suffering this pain suffers a loss of discriminatory sensation, being unable to distinguish a sharp instrument from a blunt instrument. He found that plaintiff did not evidence any of these indications of neuritis. He stated that “The day I saw him I would say unequivocally the man does not have neuritis. He may have other things, but he does not have neuritis.”
Dr. Richard Levy, accepted as an expert in the field of neurological surgery, carried out a complete neurological examination of plaintiff on October 5, 1967, with special emphasis on evidences of diabetic neuritis. He found no objective signs of peripheral nerve injury or disease suggestive of neuritis and that plaintiff had no neurological basis for his symptoms. Specifically regarding diabetic neuritis, Dr. Levy testified:
“Diabetic neuritis is a condition that affects the peripheral nerves, the nerves *764 of the arms and legs. My examination of the arms and legs revealed normal strength, normal reflexes, and normal feelings. These are the feelings that are carried by the peripheral nerves. Therefore, there was conclusive evidence from my examination that the man, in fact, did not have any peripheral neuritis or disturbance in the peripheral nerve function due to diabetes or any other cause.”
Based on the foregoing medical testimony the trial court found that the defendant-insurer had sustained its burden of proving a cessation of the work-related disability. We find no error in that judgment.
The judgment of the trial court terminating the workmen’s compensation payments to Joseph R. Allen is affirmed; costs of this appeal are to be borne by the appellant.
Affirmed.