FRUGÉ, Judge.
The Travelers Insurance Company instituted this proceeding under Louisiana R.S. 23:1331 to modify a judgment granting Alexson DeVille $32.50 a week for four hundred weeks in a workmen’s compensation suit rendered on February 18, 1965, and affirmed by this court on appeal. See Deville v. Travelers Insurance Co., 176 So.2d 824 (La.App.3d Cir. 1965).
*542 The original plaintiff, Alexson DeVille, was struck on the head and shoulder by a forty-pound bale of hay dropped from a height of ten to fifteen feet. The blow aggravated a pre-existing asymptomatic arthritio condition and a congenital defect known as spondylolisthesis of the lower back. It was shown at the original trial that the plaintiff had worked for years without any problems with his back, and that the trauma of the accident and the aggravation of the pre-existing arthritic condition and spondylolisthesis totally disabled him.
The only medical evidence adduced at the hearing to modify the judgment was the testimony of Dr. J. W. Ambrister and some letters by the same doctor. Dr. Am-brister was of the opinion that Mr. DeVille was still disabled by his back condition, but that this condition would have prevailed even without the trauma of November 2, 1963, dut to the natural progression of the spondylolisthesis and pre-existing arthritic condition.
La.R.S. 23:1331 provides in part:
“At any time six months after the rendition of a judgment of compensation, a judge of the trial court that rendered the judgment shall review the same upon the application of either party for a modification thereof, on the grounds that the incapacity of the employee has been subsequently diminished or increased, or that the judgment was obtained through error, fraud, or misrepresentation.”
In paragraph 2 of its petition to modify the original judgment, Travelers alleges:
“That since the rendition of the said judgment, and for a long period, the physical condition of Alexson DeVille has improved to an extent that he has fully recovered from the effects of his injury and' has reached his pre-injury status.”
It is apparent that the defendant has not shown that the plaintiff’s incapacity “has been subsequently diminished”, as alleged in its petition and required by La.R.S. 23:1331. Instead, it has attempted to show that the cause of the plaintiff’s disabling back condition is now something other than the trauma of November 2, 1963. This is not allowed by La.R.S. 23:-1331, which contemplates a modification of the original judgment only upon a showing that the ailment causing his incapacity has increased or diminished.
The defendant relies on the cases of Allen v. Herrin Transportation Co., 227 So.2d 762 (La.App.4th Cir. 1969) and Cloud v. National Surety Corp., 166 So.2d 31 (La.App.3d Cir. 1964). In both of those cases, the particular ailment which had disabled the employee had, unlike the present case, completely diminished. Their continued disability was due to ailments completely unrelated to the job injury.
In the instant case, however, the same ailment which disabled the plaintiff at the time of the original trial continues to disable him. The defendant merely wants to rehash the cause of the back ailment which originally disabled, and continues to disable, the plaintiff. This is not within the purview of the remedy afforded by La.R.S. 23:1331.
In the case of Brown v. Marquette Casualty Co., 165 So.2d 544 (La.App.1st Cir. 1964), the court held that since no evidence was offered to the effect that the plaintiff’s incapacity had diminished, the adjudication of the cause of his disability was res judicata. In that case, the defendant was trying to modify the judgment for the plaintiff on the basis that the cause of the plaintiff’s disability was gout rather than-a work-related injury. Beginning at page 545, the court made the following observation : “To permit the reopening of the case following judgment under such circumstances as exist here would do violence to the intention of the Legislature as expressed in the language of LSA-R.S. 23:-1331 supra as it is apparent the Legislature intended the modification of the judgment *543 to be made only upon a showing of a subsequently diminished or increased incapacity of the employee.”
The defendant has not cited, nor have we found, any case where a judgment was modified where the employee continued to be disabled by the same ailment which disabled him at the time of the original judgment. To allow such an action on the basis that the cause of the ailment has changed would encourage repetitious litigation which the legislature prudently sought to avoid.
For the foregoing reasons, the judgment of the trial court is affirmed, at the defendant-appellant’s cost.
Affirmed.
On defendant’s application for rehearing
En Banc.
CULPEPPER, Judge.
Defendant’s application for rehearing was granted and has persuaded us that our original decision does not correctly construe LSA-R.S. 23:1331. In particular, we state in our original opinion:
“It is apparent that the defendant has not shown that the plaintiff’s incapacity ‘has been subsequently diminished’, as alleged in its petition and required by La.R.S. 23:1331. Instead, it has attempted to show that the cause of the plaintiff’s disabling back condition is now something other than the trauma of November 2, 1963. This is not allowed by La.R.S. 23:1331, which contemplates a modification of the original judgment only upon a showing that the ailment causing his incapacity has increased or diminished.”
The above quoted language could be construed to mean that in a case where the employee is disabled six months after the original judgment, regardless of the cause, the employer is not allowed to show that all residuals of the work-caused injury have disappeared and the employee’s present disability is the result of causes which have occurred after the rendition of the judgment sought to be modified. Such a construction is not correct. If, after the judgment, the employee suffers a new disease or injury and this is the cause of his present disability, the employer should be allowed to show in his proceedings to modify the judgment that, although the employee is presently disabled, this disability is the result of new causes occurring since the judgment and is not causally related in any way to the work-connected injury-
That portion of LSA-R.S. 23:1331 which provides the employer can seek modification of the judgment “on the grounds that the incapacity of the employee has been subsequently diminished” refers to the incapacity which existed at the time the judgment was rendered. It does not refer to any incapacity which arises after the judgment from causes entirely unrelated to the work-caused injury.
We find no case in our jurisprudence which discusses the precise issue presented herein. Perhaps the closest case is Brown v. Marquette Casualty Company, 165 So.2d 544 (La.App.1st Cir. 1954), writ refused 246 La. 849, 167 So.2d 671. In that case the original judgment found the employee disabled from a back sprain caused by a work-connected accident. Six months later the employer filed a proceeding to modify the judgment and introduced the testimony of the physician who at the original trial had testified that the employee was suffering from a back sprain caused by ah industrial accident. This physician testified at the hearing for modification that his original diagnosis was in error and that he has since discovered the cause of the incapacity for which plaintiff was awarded total disability was actually gout. The court held that the cause of the disability which existed at the time of the original trial is now res adjudicata and cannot be reopened.
*544 The decision in the Brown case is clearly correct, but it is distinguished from the present matter. In Brown “the incapacity" which the employer sought to show had diminished was the same incapacity which existed at the time of the original judgment. In the present case, the employer seeks to show that “the incapacity” which existed at the time of the original judgment has now disappeared and that a new incapacity has occurred, which is the result of new causes which have occurred since the original judgment and are not connected with the work-caused injury. In our view, this is proper grounds for relief under LSA-R.S. 23:1331.
Nevertheless, we reach the same result as our original decision, since we find as a fact that the defendant employer has not sustained its burden of proving the employee’s present disability is not causally connected with the work-caused injury. The only witness who testified in these proceedings to modify the judgment was Dr. Jerome W. Ambrister, an orthopedic surgeon. The substance of his testimony is that plaintiff is 65 years of age and presently disabled by spondylolisthesis and arthritis of the spine. However, the doctor stated there is no way to determine whether the present disabling condition is entirely the result of the natural progression of the disease or whether it is due in part to the work-caused trauma. For instance, a portion of Dr. Ambrister’s testimony is as follows:
“ ‘THE COURT: In other words, as I gather, you really have no way of telling whether or not the boney parts of his spine or the hypertrophic changes in the spine themselves were in any way made worse by the accident?
“THE WITNESS: There is no way. If you took films today and compared them with earlier films, you would not know whether it is the natural progression of the disease, which would be expected, or whether it was due to the trauma which he received.
“THE COURT: Now the aggravation, you mentioned in your testimony, that you thought was present, will you tell me again what that was ?
“THE WITNESS: The aggravation was based primarily on the history of the patient that he was asymptomatic previous to this, and following which the symptoms appeared and had persisted up to the time of this examination.
“THE COURT: The aggravation occurred in the muscles, in the ligaments, as distinguished from the bones?
“THE WITNESS: I would think that the ligamentous structures would be the ones that were injured.
“THE COURT: And the aggravation was the tearing of the ligaments ?
“THE WITNESS: That is correct.
“THE COURT: From which scars develop that cause the ligaments to be shorter, or at least not as flexible as they were before?
“THE WITNESS: That is correct.
“THE COURT: And, generally, in this type of case those ligamentous tissues, with exercise and time, stretch out to where they become as good as they were before?
“THE WITNESS: That is correct.
“THE COURT: Do you have any way of determining with certainty that this would happen in this situation?
“THE WITNESS: I have not.’ ”
For the reasons assigned, our original opinion is changed and amended to conform to the views expressed herein; and the judgment of the district court is affirmed. All costs of this appeal are assessed against the defendant appellant.
Original judgment amended but the result remains the same.