365 So.2d 57 (1978)
Annie THOMPSON, Plaintiff-Appellee,
v.
NATCHITOCHES PARISH HOSPITAL SERVICE DISTRICT et al., Defendants-Appellants.
No. 6704.
Court of Appeal of Louisiana, Third Circuit.
November 15, 1978.
Bolen, Halcomb & Erwin and Gregory S. Erwin, Alexandria, for defendants-appellants.
*58 Thomas & Dunahoe and G. F. Thomas, Jr., Natchitoches, for plaintiff-appellee.
Before DOMENGEAUX, WATSON, and CUTRER, JJ.
DOMENGEAUX, Judge.
This is a suit to modify a prior workmen's compensation judgment under the provisions of La. R.S. 23:1331. Plaintiff, a nurse's aide, was injured on the job when an ambulance in which she was riding was struck from the rear by another vehicle. She was diagnosed at that time as suffering from a neck and back sprain. We affirmed the portion of the trial court judgment which, in January of 1976, rendered an initial judgment decreeing that plaintiff was entitled to recover workmen's compensation benefits as a result of these injuries (La. App., 335 So.2d 81). Thereafter, our Supreme Court denied an application for writs filed by the defendants (La., 338 So.2d 298).
In September of 1977, this suit was brought by the defendants to modify the initial decree. After a trial on the merits, judgment was rendered in the District Court, denying appellant's petition to modify the prior judgment on the grounds that the plaintiff's previous disability remained in effect.

I.
The first issue is whether the trial court erred in failing to order the claimant examined by a physician of appellants' choice. In this regard, on June 20, 1977, appellants ruled the claimant into Court to show cause why she should not be examined by an orthopedic specialist to be appointed by the Court. At that point in time, the claimant's treating physician was Dr. Joseph A. Thomas, a general practitioner, and she had been also seen and examined by Dr. D. M. Kingsley, an orthopedic surgeon, on January 21, 1977, at the behest of appellants. Doctor Kingsley found no disability. She had also been examined by Dr. Baer I. Ramback, another orthopedic surgeon, to whom she was referred by St. Paul Insurance Company as a result of an automobile accident in which she was involved in November of 1976. The Rule was tried and the District Judge ordered the claimant re-examined by Doctor Kingsley. In this context, we find no abuse of discretion on the part of the District Court, and find no violation of La. R.S. 23:1121, relative to medical examinations of an injured employee.

II.
The second issue is whether the trial court erred in holding that the appellants failed to prove that plaintiff's disability had diminished to the extent that she was no longer disabled.
The trial court considered the testimony of three physicians, two orthopedic surgeons and one general practitioner, as well as that of the plaintiff, her husband, a co-worker, and two neighbors, in making its determination in the case. Upon the hearing of all offered testimony, the trial judge accepted that of the lay witnesses, which indicated that the plaintiff continues to suffer daily pain which prohibits her from working as a nurse's aide. Dr. Joseph A. Thomas, the treating physician, released her from his care as having reached maximum recovery, but indicated that she continued to have pain and discomfort in her neck, and that this would be something she would have to learn to live with.
It is a well established principal of law that where there is evidence before the trier of fact which, upon its reasonable evaluation of credibility, furnishes a reasonable basis for his factual conclusions, on review, the appellate court should not disturb this factual finding in the absence of manifest error. Canter v. Koehring Company, 282 So.2d 716 (La.1973).
The trial judge, in a short written opinion, accepted the lay testimony and concluded that the plaintiff's disability has not diminished. He also gave weight to Dr. Thomas' testimony. In so doing, the trial judge did not commit error, for it is ultimately his responsibility to determine if and to what extent a plaintiff suffers a disabling injury, and to do so he may draw *59 upon all evidence in the record, whether its source is lay or medical testimony. Tantillo v. Liberty Mutual Insurance Company, 315 So.2d 743 (La.1975). Also applicable in this regard is Gates v. Ashy Construction Company, 171 So.2d 742 (La.App. 3rd Cir. 1965), writ refused 247 La. 678, 173 So.2d 542 (1965), which has been followed and cited extensively in the jurisprudence for the general proposition that it is not error to accept the testimony of the treating physician over that of specialists who might have only seen a claimant briefly.
The burden is on the appellants to show by the preponderance of the evidence that the disability has diminished, and in making such a determination, great weight is to be attached to the trial court's evaluation of the credibility of the witness. Montgomery v. Delta Concrete Products Co., Inc., 290 So.2d 769 (La.App. 1st Cir. 1974). Here, the trial judge felt that the defendants had not sustained their burden. There is a reasonable basis in the record for the trial judge to so hold. Therefore, this court cannot say that the trial judge manifestly erred when he denied modification of the initial decree to the defendant.
The judgment of the trial court is affirmed. Costs of this appeal are assessed against defendants-appellants.
AFFIRMED.