FORET, Judge.
In this workmen’s compensation case, claimant, Larry Fontenot, sought a modification of an earlier award against defend *905 ants, Cagle Chevrolet, Inc. and Great American Insurance Company.. Disability benefits under the original award had terminated on May 2, 1982. Claimant contended that he was totally and permanently disabled and entitled to benefits from the terminal date of the original award. From a judgment in favor of defendants, plaintiff perfects this appeal.
The issues on appeal are:
(1) Whether the trial court erred in considering evidence intended to show that the cause of claimant’s disability existing at the time of the modification hearing was not claimant’s work-related injury, but an injury that claimant had sustained prior to that injury.
(2) Whether the trial court erred in finding that claimant failed to meet the burden of proof required for a modification of the original award of workmen’s compensation benefits.
FACTS
On February 12, 1981, while in the employ of Cagle Chevrolet, claimant, Larry Fontenot, fell from a bulldozer and injured his back. Claimant’s orthopedic surgeon characterized this injury as a “mild low back injury”. On the original trial of this claim, the trial court found that claimant had been temporarily totally disabled from February 12, 1981, the date of the work-related accident, to November 12, 1981, the date of the trial. The court awarded claimant benefits for the period of total disability. The court also found claimant to be partially disabled for a period of time not to exceed six months following the date of the trial (up to May 2, 1982), and awarded him benefits for this period of partial disability [1].
At the time of his 1981 accident, claimant was being treated for back problems which were a result of a severe back injury which he had suffered in 1978, before his employment with Cagle Chevrolet. He had undergone surgery for this injury in February of 1980. At the time he went to work for Cagle Chevrolet, claimant had not been released by his surgeon to return to work. In July of 1982, shortly after the termination of the original award, he underwent a second back surgery.
At the trial of this matter, claimant did not testify in his behalf. The trial court denied the modification, finding that claimant had not met the burden of proof of establishing that his present disability resulted from the injury of February 12, 1981, rather than from the 1978 injury.
WAS IT PROPER FOR THE COURT TO CONSIDER THE CAUSE OF CLAIMANT’S DISABILITY?
In his brief, the claimant contends that the trial court improperly considered evidence related to the cause of his disability. He cites DeVille v. Travelers Insurance Company, 240 So.2d 541 (La.App. 3 Cir.1970), writ denied, 257 La. 276, 242 So.2d 247 (1971) for the proposition that a trial court’s determination of the cause of a disability at the time of trial is res judicata and cannot be relitigated at a modification hearing. Claimant misplaces his reliance on DeVille. In DeVille, we held that while the cause of a claimant’s disability at the time of trial is res judicata, this did not preclude the introduction of evidence to show that a disability existing at the time of a subsequent modification hearing was the result not of the work-related injury, but an injury occurring subsequent to the original judgment.
Admittedly, the case presently before this Court is different from DeVille in that the defendant in the present case adduced evidence to show that the claimant’s disability was a result, not of an accident occurring after the original judgment, but before it. Despite this difference between the two cases, we believe that the underlying rationale of DeVille supports the trial *906 court’s action in the present case. DeVille stands for the proposition that the court’s original finding as to the cause of a claimant’s disability is res judicata only as to the cause of the disability existing at the time of the original judgment. It is not res judicata as to the cause of disability existing at the time of a modification hearing. Accordingly, a defendant is entitled to adduce evidence showing that a claimant’s disability which exists at the time of a modification hearing is not the result of the work-related injury, but of some other cause. We think that it makes no difference whether this cause occurred before or after the original judgment if an employer can in fact show that a claimant’s disability is a result of this cause and not of the work-related injury. If we held otherwise, we would be drawing an artificial line in time, which would, in cases such as the present one, prevent the introduction of evidence bearing directly on the actual cause of a claimant’s disability.
The issue before the trial court in the instant case was not the cause of claimant’s disability at the time of the original trial, but the cause of his present disability. Defendants were entitled to present evidence tending to show that claimant’s present disability was not caused by the accident he suffered while in the employ of Cagle Chevrolet.
DID THE TRIAL COURT ERR IN FINDING THAT CLAIMANT DID NOT CARRY HIS BURDEN OF PROOF?
In a workmen’s compensation case, the trial court’s factual findings as to disability are entitled to great weight and will not be disturbed absent manifest error. Harris v. Louisiana-Pacific Corporation, 420 So.2d 1220 (La.App. 3 Cir.1982); Hoofkin v. Schwegmann Brothers Giant Super Markets, Inc., 398 So.2d 1218 (La.App. 4 Cir.1981); Newell v. United States Fidelity & Guaranty Co., 368 So.2d 1158 (La. App. 3 Cir.1979); Stokes v. Continental Insurance Co., 345 So.2d 1200 (La.App. 1 Cir.1977).
In reaching its decision, the trial court examined the testimony of two orthopedic surgeons, Dr. Schneider, who testified for claimant, and Dr. Morin, who testified for defendants. According to Dr. Schneider, claimant’s 1978 injury was a severe back injury while his 1981 injury was a mild one. He testified that since the original trial, claimant’s condition had deteriorated from a 30% disability to the back to a 35% disability. He also testified that he had performed a second surgery on claimant in July of 1982. However, he could not specify which accident had caused the degenerative changes which had necessitated surgery and caused claimant’s continuing disability. Dr. Morin thought claimant’s pain was residual from the 1980 surgery and may have been exaggerated. Although he assigned a 15% to 20% partial permanent disability to the body as a unit, he felt that claimant could resume work as a bulldozer operator.
Claimant contends that, in light of the fact that Dr. Schneider was the treating physician, the trial court erred in giving more weight to Dr. Morin’s testimony than to that of Dr. Schneider. Having examined the testimony of the two physicians, we feel that claimant’s conclusion that the trial court gave more weight to Dr. Morin’s testimony is unwarranted. As noted above, Dr. Schneider could not specify which accident had caused claimant’s present disability. On the basis of the testimony of both doctors, the court could have concluded that any continued disability of claimant was not due to the work-related injury he had sustained while employed by Cagle Chevrolet.
Also significant is claimant’s failure to testify at the trial of this matter. This unexplained failure of claimant to testify, when he was in an excellent position to give evidence concerning his pain and his diminished physical ability, created a presumption that his testimony would be unfavorable. Maxwell v. Gibson, 421 So.2d 1175 (La.App. 2 Cir.1982), writ denied, 426 So.2d 179 (La.1983); Clifton Upholstery *907 Company v. Kayjun Industries, Inc., 254 So.2d 514 (La.App. 3 Cir.1971).
In his brief, claimant maintains that by showing that his disability had continued for a longer period of time than the court had supposed in its original determination, he had met his burden of proving change in that disability. While we do not disagree with this, we point out that the trial court’s decision did not rest on a finding that claimant had not carried his burden of proof to show that there had been a substantial change in his disability. Rather, the trial court concluded that claimant failed to prove that any disability existing at the time of the modification hearing was a result of his work-related accident. The court concluded that:
“... evidence indicates a substantial likelihood that any disability presently existing results from the earlier injury and surgery.”
We find that the record supports this conclusion of the trial court. Accordingly, we concur in the court’s decision not to modify the award.
Claimant’s demand for penalties and attorney’s fees is moot in view of our affirmation of the trial court’s judgment.
DECREE
For the above and foregoing reasons, the judgment of the trial court is affirmed. All costs of this appeal are assessed against plaintiff-appellant.
AFFIRMED.

. We affirmed this finding at 417 So.2d 1338 (La.App. 3 Cir.1982), writ denied, 421 So.2d 1125 (La.1982).