FORET, Judge.
This is a worker’s compensation case. Claimant, Sidney Ray Rourks, filed suit against defendant, Commercial Union Insurance Company, seeking worker’s compensation benefits, penalties, and attorney’s fees. The trial court found that claimant was totally and permanently disabled. It awarded him benefits and ordered defendant to pay penalties and attor *36 ney’s fees. Defendant did not appeal from this judgment, and it became final. More than three years after the rendition of this judgment, defendant insurance company sought a modification of claimant’s benefits [1]. After a hearing, the trial court denied defendant’s motion to modify its original judgment, finding that defendant had failed to show any material change in claimant’s condition.
The sole issue raised by this appeal is whether the trial court erred when it found that plaintiff’s incapacity had not materially changed since the rendition of its original judgment.
Claimant, Sidney Ray Rourks, suffered a comminuted fracture of the tibia and fibula of the left leg while performing his duties as an employee of Pelican Well Service, Inc. At the time of his injury, plaintiff was already blind in one eye and suffered a slight hearing loss. He was 41 years old and lacked formal education, having only completed the ninth grade. Plaintiff was working as a roughneck in the oilfield, a position he had held for a number of years. Before that, he had worked for a trucking business. In rendering its original judgment, the trial court found that claimant was an “odd lot” worker due to his disabilities, lack of education, and limited work experience. The trial court rendered judgment awarding claimant total and permanent disability benefits, and defendant did not appeal this judgment.
Defendant has come back into court requesting a modification of the trial court’s original judgment. The trial court denied defendant’s request, finding that defendant failed to show any material change in claimant’s disability. A party who seeks a modification of a worker’s compensation judgment must prove by a preponderance of the evidence that the worker’s disability has increased or diminished. Thompson v. Natchitoches Parish Hospital Service District, 365 So.2d 57 (La.App. 3 Cir.1978); LSA-R.S. 23:1331. In the present case, defendant must show that claimant’s disability has diminished since the rendition of the original judgment. The court below found that defendant insurance company failed to show such a change. This factual finding of the trial court is entitled to great weight. Fontenot v. Cagle Chevrolet, 448 So.2d 904 (La.App. 3 Cir.1984); Thompson, supra. Such a finding will not be disturbed unless clearly wrong. Arceneaux v. Domingue, 365 So.2d 1330 (La.1978). In the present case, we cannot say that the trial court’s finding that plaintiff’s disability has not changed is clearly wrong.
Of the evidence presented by defendant, only the testimony of a physician who examined claimant, Dr. Mayer, bore directly on the question of whether claimant's disability had diminished since the rendition of the original judgment. The doctor testified that claimant’s anatomical disability had remained the same. Although he did testify that claimant had shown some improvement, presumably functional, the doctor did not specify the nature of this improvement. When questioned regarding specific functions, the doctor could point out no significant functional improvement in claimant’s condition. Although Dr. Mayer testified that claimant was capable of performing a number of activities, all of these were admittedly activities which claimant could have performed at the time of the original hearing and judgment. We agree with the trial court that defendant failed to show any significant change in claimant’s disability. The trial court correctly denied defendant’s motion to modify the original judgment.
DECREE
For the foregoing reasons, the judgment of the trial court is affirmed. All costs of *37 this appeal are assessed against defendant-appellant.
AFFIRMED.

. LSA-R.S. 23:1331, prior to its 1983 amendment, provided in part:
"At any time six months after the rendition of a judgment of compensation, a judge of the trial court that rendered the judgment shall review the same upon the application of either party for a modification thereof, on the grounds that the incapacity of the employee has been subsequently diminished or increased, or that the judgment was obtained through error, fraud, or misrepresentation."