This is an appeal from a judgment rejecting plaintiff's demand for compensation at the rate of $7.50 per week for a period not exceeding 400 weeks, plus $250 for medical expenses. Plaintiff alleges that on November 25, 1941, while in the course and scope of his employment with Wm. Wolf Bakery, Incorporated, while resisting the tilting of an empty flour barrel upon which rested a truck motor block and in order to keep the said motor block from falling on top of him, he felt a severe pain in his right side, which resulted from the straining effort required in pushing the said barrel, with the motor block, back into an upright position, and as a result he sustained a right inguinal hernia. He made the Wm. Wolf Bakery, Incorporated, and its compensation insurer, The Standard Accident Co., defendants.
The claim of plaintiff was opposed by the defendants, principally on the ground that plaintiff did not receive any accidental injury as alleged by him. In further answer, defendants contended that if he is suffering from a right inguinal hernia the same existed prior to his employment and was in no wise aggravated or caused by his employment with respondent.
The only question presented is whether the plaintiff met with an accident on November 25, 1941, resulting in a right inguinal hernia, or the aggravation of a previous hernia, which question is one of facts.
In determining that question the trial judge, in his short written opinion states: "The Court is of the opinion that the plaintiff failed to prove that any accident took place as alleged by Plaintiff, and, second, that if there was an accident, which the Court does not believe, that the Plaintiff has absolutely failed to prove any injury or any aggravation of the previous injury which the record showed the plaintiff to have suffered while in the employ of the Louisiana Highway Commission." Unless we can find manifest error in the trial court's conclusion as to the facts in the case, we are to affirm the judgment.
The plaintiff is the only witness who testified as to the occurrence of the accident. He states: "I was working for Wolf Bakery Company as a mechanic's helper, and they had a motor block they wanted cleaned, and they made us put it up on a flour barrel. * * * Three of us put it upon the barrel * * * and while we had it on the barrel, the place where they had baking pans boiling, it boiled over and ran underneath the barrel and the barrel commenced to slip toward me and it hit a crack in the floor, and when it did, it tilted over on me and hit me in the side, and I either had to catch the thing or maybe let it fall on my feet, because it was too slippery to stand up. A negro boy helped tilt it back up, and the boy helper with me, I called him when I was in trouble, but he didn't hear me, because he was on the other side of the truck helping the head mechanic. When he came over there, I bawled him out; I got angry and cursed him out. I said, 'What the hell is the matter? Can't you hear over there?' He said, 'Boss, I didn't know you were in trouble or I would have *Page 98 
come right away'. That was West Blackburn. So I was in pain, and they called me to get some parts. I didn't see Mr. Henry Wolf at the time. I went on and got the parts, and I didn't see him (probably Mr. Wolf) until that evening. The next morning he (probably Mr. Wolf) came and said angry words for me to go to the doctor and not to look back. So I didn't tell him a word about it. (presumably about the accident) So I went to Doctor Dial and he examined me and I told him I was hurt, and about the motor block slipping." He states that at the time he caught the motor block he felt a pain in his right side radiating downward.
We see no advantage in going into detail of what each of the several co-employees, Mr. Henry Wolf, his immediate superior, and Dr. Dial testified. We deem it sufficient to say that he is contradicted in every essential part of his statement, beginning with the statement that he helped in installing the motor block on the barrel head, the slippery condition of the concrete floor, the slant of the floor, the slipping of the barrel, the help he is supposed to have received in righting the barrel, the calling for help, and cussing out of his fellow employee and particularly that he gave to Dr. Dial a history of the alleged accident prior to his examination.
In fact, the preponderance of the evidence is that plaintiff has had two corrective right inguinal hernia operations prior to his employment with defendant, Wolf Bakery, the last one being in 1939 while he was working for the Louisiana Highway Department. He had been employed by the Wolf Bakery a few days prior to his alleged accident without first having a medical examination, and health certificate, which was required on account of the business of his employer. On June 26, 1941, Mr. Henry Wolf, plaintiff's immediate supervisor or foreman, notified plaintiff that he could no longer remain in the employment unless he was examined by the company physician and obtained from him a certificate of physical ability and health. Mr. Wolf referred plaintiff to Dr. Dial. Plaintiff visited Dr. Dial's office for such. Plaintiff did not, at that time, complain of any accident of the previous day. Upon Dr. Dial's examination, he informed plaintiff that plaintiff had a recurrent hernia, the size of a large pecan. It was then that plaintiff sought to give Dr. Dial a statement that on the day prior to the examination he had met with a strain to his side. Dr. Dial is positive that there were no objective symptoms showing trauma as described by the testimony of plaintiff, and the doctor was of the further opinion that the hernia then existing was not caused by trauma, but was of long standing or development.
[1] We realize that we should not fail to grant compensation on the mere ground that plaintiff is the only witness offered to prove the alleged accident whenever there are corroborating circumstances. In this case we fail to find any corroborating circumstances substantiating plaintiff's version of the alleged accident. To the contrary, we find his testimony repudiated throughout. He would want to describe the concrete floor with a slant at the point where the barrel was situated; the preponderance of the evidence is otherwise; he would want to say that in cleaning the motor with a putty knife, that it caused the barrel and the motor to tilt onto him; that he strained to hold the barrel to prevent it from further tilting, thereby causing the motor to strike him on the right side, while calling for help, which claim appears unreasonable and is contradicted by the testimony of the other witnesses. He visited the doctor's office not on account of any alleged injury, but solely to get the required physical and health certificate. Another significant fact against the plaintiff is that, after his examination by Dr. Dial and his being informed by the doctor that he was suffering with a hernia rather than inform Mr. Wolf, his superior or foreman, of any alleged accident, he hired an attorney who notified his employer and made demand for compensation, all within five days of the alleged accident.
[2] Our conclusion is that plaintiff has failed to show by a preponderance of the evidence any accident causing any disability and that the conclusion of the trial judge is eminently correct and therefore the judgment appealed from is affirmed. *Page 99