176 So.2d 824 (1965)
Alexson DEVILLE, Plaintiff and Appellee,
v.
The TRAVELERS INSURANCE COMPANY, Defendant and Appellant.
No. 1444.
Court of Appeal of Louisiana, Third Circuit.
July 1, 1965.
Cavanaugh, Brame, Holt & Woodley, by Edmund E. Woodley, Lake Charles, for defendant-appellant.
*825 Bass & Lawes, by James L. Heath, Lake Charles, for plaintiff-appellee.
Before TATE, CULPEPPER and HOOD, JJ.
HOOD, Judge.
This is a workmen's compensation suit in which plaintiff claims benefits based on total and permanent disability. Judgment was rendered by the trial court in favor of plaintiff for the amounts claimed, and defendant has appealed. Plaintiff answered the appeal, demanding that the judgment be affirmed and that defendant be condemned to pay damages for a frivolous appeal.
Workmen's compensation benefits have been paid to plaintiff by the employer's insurer, the defendant in this suit, from the date on which the accident occurred, November 2, 1963, until the present time. The defendant, however, failed to pay some of the medical expenses which were incurred by plaintiff for medical treatment, and this suit was filed following an unsuccessful demand for the payment of those expenses.
The evidence shows that on November 2, 1963, while plaintiff was working as a laborer for James Ketchens, he was struck on the head and shoulder by a forty-pound bale of hay, which had been dropped from a height of from ten to fifteen feet. The blow caused plaintiff to lose consciousness for several minutes, and as a result of the accident he sustained injuries to his neck, shoulder, wrist, hand and back. He has recovered from the neck, shoulder, wrist and hand injuries to the extent that he now has no disability in those areas, but he contends that he is still totally disabled from the injury to his back.
The sole issue presented is whether plaintiff now has a disability which is attributable to the accident which occurred on November 2, 1963.
Prior to the accident, plaintiff has some hypertrophic changes, or an arthritic condition, in the cervical and lumbar regions of his back, and he also had a congenital defect of the spine, known as spondylolisthesis. Defendant concedes that plaintiff is presently disabled, but it contends that his disability is due to this congenital defect or the pre-existing arthritic condition of his back, and not to any injury which he may have sustained in the course of his employment. Plaintiff contends that the trauma which he sustained in this accident aggravated the pre-existing arthritic condition in his back, and that as a result of this aggravation his back has become symptomatic to the extent that he has been disabled from performing manual labor continuously since that time.
Plaintiff was taken to a hospital shortly after the accident occurred, and he was kept in the hospital for treatment for about fifteen days thereafter. He had extensive contusions of the left side of the head and neck at the time he was admitted to the hospital. Also, he was disoriented when first examined at the hospital, but he regained full orientation a few minutes after medical treatment was administered.
Plaintiff was treated by a specialist in internal medicine and by an orthopedic surgeon while he was in the hospital. The orthopedic surgeon saw plaintiff last on December 2, 1963, but the internalist continued to treat him for these injuries until January 22, 1964. Plaintiff then was treated by another orthopedic surgeon from March 20 until sometime in July, 1964. And, in addition to these treating physicians, he was examined by a neurosurgeon and by another orthopedic surgeon.
The first orthopedic surgeon who treated plaintiff concluded that he had recovered sufficiently to return to his employment by December 2, 1963, which was the last time he examined him. This physician, however, treated plaintiff primarily for the injuries to his head, neck, wrist, hand, left leg and feet, since plaintiff complained chiefly of those areas at that time. He did not have the benefit of x-rays, and he found no aggravation of any prior defect or diseased *826 condition of plaintiff's back, although he did note that plaintiff had a complete loss of sensation to pin prick below the left knee down to the tips of his toes. The specialist in internal medicine last treated plaintiff for these injuries on January 22, 1964. At that time he felt that plaintiff was still disabled as a result of the injuries which he sustained in this accident, and that a period of from six to twelve weeks would be required for recovery. He states that plaintiff made no complaints of low back pain, so he attributed the disability to injuries in the cervical area of the spine. He concedes, however, that a blow such as plaintiff received on November 2, 1963, could have aggravated his previously existing arthritic condition to the extent that it would be symptomatic.
The other treating orthopedist, and the neurosurgeon and orthopedist who examined plaintiff, are of the opinion that the trauma which plaintiff sustained on November 2, 1963, aggravated the pre-existing arthritic condition of his back to the extent that his back then became symptomatic, and that as a result of that aggravation he has been disabled since that time from performing manual labor. The orthopedist who treated plaintiff last is of the opinion that the disability is total and permanent, while the examining orthopedist and the neurosurgeon feel that plaintiff will recover and will be able to resume manual labor in an indefinite period of time.
Since there is a conflict in the medical evidence, it is appropriate for us to consider the lay testimony. Blanchard v. Travelers Insurance Company, La.App. 1 Cir., 121 So.2d 515; and Kimball v. Welding & Manufacturing Company, Inc. et al., La.App. 4 Cir., 153 So.2d 602.
Plaintiff was fifty-nine years of age at the time the accident occurred, and he had been regularly employed as a laborer for over thirty-six years. He apparently has a good work record, and is regarded as a "good worker" by his employer. At the time the accident occurred, he was working nine hours per day, seven days per week. He had never been injured before and he had never made a claim for compensation benefits. He testified that prior to this accident he had had no trouble with his back at all, although he states that once in a while his hip would bother him when he did a great deal of walking. He states, however, that the discomfort which he occasionally experienced in his hip was not severe enough to prevent him from working, and that it was brought on only by excessive walking and not by work or by heavy lifting. Plaintiff's testimony is confirmed by that of his employer, except that the employer stated that plaintiff also occasionally complained of pain in his back, but that it did not appear to be severe pain and it never interferred with plaintiff's work. Plaintiff has performed no manual labor of any kind since the accident occurred.
The evidence convinces us that in spite of the pre-existing spinal defect and arthritic condition in plaintiff's back, he had no disability at all prior to the date of the accident. We think his work record alone, covering a period of many years prior to that time, establishes that. Also, plaintiff's conduct and activities since the date of the accident is consistent with his complaints of pain and with the findings of most of the medical experts who examined him.
We agree with the conclusion reached by the trial judge that the preponderance of the evidence is to the effect that the pre-existing arthritic condition of plaintiff's back was aggravated by the injury which he sustained on November 2, 1963, and that as a result of that injury plaintiff's back has become symptomatic and plaintiff has been disabled continuously since that time from performing manual labor. The evidence is conflicting as to whether the disability is of a permanent nature, or as to what period of time will be required for recovery.
The law is settled that an employer accepts an employee as he finds him, and *827 that ordinarily the workmen's compensation act affords coverage if a work-connected accident precipitates or accelerates a pre-existing disposition or disease into becoming a present disability. Circello v. Haas & Haynie Corp. et al., La.App. 1 Cir., 116 So.2d 144; Porter v. Dennis Sheen Transfer, Inc. et al., La.App. 4 Cir., 130 So.2d 450; Lopez v. McElhiney Lithographing Co. et al., La.App. 4 Cir., 130 So.2d 781; and Darden v. Henry E. Johnson, Inc. et al., La.App. 4 Cir., 175 So.2d 75.
The rule also is established that where a claimant is shown to be totally disabled at the time of the trial and there is no evidence on which to fix a definite period for the duration of the disability, compensation should be awarded for the maximum period prescribed for permanent disability. Aymonde v. State National Life Insurance Co. et al., La.App. 3 Cir., 138 So.2d 460; and Ware v. Industrial Timber Products, Inc. et al., La.App. 3 Cir., 147 So.2d 672.
In our opinion the trial judge has correctly applied these principles of law to the facts in this case, and we accordingly find no error in the judgment appealed from.
By answer to the appeal, the plaintiff-appellee prays for damages for a frivolous appeal under LSA-C.C.P. 2164. However, under the jurisprudence no such damages are allowable, even though the appeal is without serious merit, unless it is manifest that the appeal was taken solely for delay or that counsel does not sincerely believe in the view of the law he advocates. Lanza Enterprises, Inc. v. Continental Ins. Co., La.App. 3 Cir., 129 So.2d 91; 35 Tul. Law Rev. 585 (1961). No such showing having been made here, plaintiff's prayer for damages for a frivolous appeal is denied.
For the reasons herein assigned, the judgment appealed from is affirmed. The costs of this appeal are assessed to defendant-appellant.
Affirmed.