HOOD, Judge.
This is a workmen’s compensation suit instituted by Alice Mitchell against Eunice Country Club, Inc., and its insurer, The Employers Liability Assurance Corporation, Ltd. Judgment was rendered by the trial court in favor of defendants, and plaintiff has appealed.
The issues presented are factual: (1) Did plaintiff sustain an accident on or about August 27, 1963, as alleged? and (2) Is there a causal connection between plaintiff’s present disability and her employment by Eunice Country Club, Inc.?
Plaintiff, an illiterate Negro woman, alleges in her petition that she sustained an injury to her left foot on or about August 27, 1963, when she stepped on a tack while doing general cleaning work for the Eunice Country Club. She alleges that despite her injury she continued to work the rest of that day, that she reported the accident to' her employer by telephone the following day, and that pursuant to her employer’s suggestion she consulted Dr. J. T. Thompson on August 29, 1963. She contends, and the evidence establishes, that she has been totally disabled since that time.
Plaintiff was about 53 years of age when the accident allegedly occurred. She had been employed by the Country Club for a period of about four weeks to do general housekeeping work. She worked only on Tuesdays, and she contends that she sustained this injury to her foot on one of her regular working days. No one else was present when plaintiff allegedly stepped on the tack, so she was the only witness who testified as to the occurrence of the accident.
The petition alleges that the accident occurred on or about August 27, 1963. Plaintiff testified, however, that it oc *64 curred on Tuesday, August 23, 1963, and that she consulted Dr. Thompson the next day. She obviously was mistaken in some of these statements, because August 23, 1963, did not fall on a Tuesday, and the evidence shows that she did not consult Dr. Thompson until Thursday, August 29. Also, contrary to the allegations contained in the petition and to plaintiff’s testimony, she told her two treating physicians, Dr. Thompson and Dr. Landreneau, that she had stepped on a tack about two weeks before she consulted the first named doctor.
Plaintiff also stated that after pulling the tack out of her foot she kept it to show to Dr. Thompson, and that after the doctor had examined the tack the next day he threw it in a garbage can. Dr. Thompson denies that a tack was showed to him by plaintiff. Defendants, in seeking to discredit plaintiff’s testimony as to the accident, argue that it is inconsistent for her to imply that the accident was of such a serious nature that she considered it important to preserve the tack for her doctor to examine, while the evidence shows that it was not serious enough to prevent her from working the rest of the day or to cause her to report the accident to her employer or to anyone else.
Dr. Thompson, a general practitioner, testified that when he first examined plaintiff on August 29, he found a puncture wound of the foot, but he also found that she had diabetes and that gangrene had set in involving an area “from the arch of the foot back clear to the heel.” He proceeded to treat plaintiff by cutting away a great deal of the dead tissue and by applying medication. He continued to treat her until about September 19, 1963, when she was transferred to another physician for treatment. Dr. Thompson felt that the gangrenous condition of plaintiff’s foot had existed before she allegedly stepped on the tack, and that her condition was very serious. He stated, in fact, that “eventually this thing is going to have to come to an amputation.” With reference to the length of time the condition had existed before he first examined her, Dr. Thompson stated that “she had had this quite a bit longer than two weeks,” that “my opinion here was that this thing was further advanced than any two weeks,” and that “this looked like something she’d been having here for a long time; I just don’t believe this thing got this bad in a period of two weeks.”
Dr. R. E. Landreneau, a general surgeon, has been treating plaintiff since September 23, 1963. Upon his initial examination he found that she had a severe diabetic abscess, with gangrenous changes and osteomyelitis of the left heel. He felt that that condition could have resulted from a puncture wound or some kind of trauma to the left foot. He treated her extensively for a period of several months, the treatment including the performance of some skin grafts. Eventually plaintiff recovered substantial use of her left foot and leg. One of the surgical procedures which was performed, however, was the graft of a full thickness layer of skin from the calf of her right leg to her left heel. In connection with that surgery, an infection developed on her right leg and a pressure sore developed on her right heel. She was tranferred to the Lafayette Charity Hospital for additional treatment of these conditions, and while there her right leg was amputated.
After reviewing all of the evidence and noting the inconsistencies in plaintiff’s testimony, the trial judge concluded that plaintiff had failed to sustain the burden of proving by a preponderance of the evidence that her present disability resulted from a work connected accident. Judgment thus was rendered rejecting her demands.
In a workmen’s compensation suit, as in other civil cases, the plaintiff bears the burden of proof, and he is required to establish his claim with reasonable certainty by a preponderance of the evidence. Jenkinson v. Clemons, 144 So.2d 181 (La.App. 1st Cir.1962). In such a case the occurrence of an accident can be established by the testimony of the claimant alone, pro *65 vided that his statements are supported by the surrounding circumstances and there is nothing to discredit his testimony as to how the accident occurred. Clement v. Fidelity & Casualty Company of New York, 220 So.2d 575 (La.App. 3d Cir.1969); Guilbeaux v. Trinity Universal Insurance Company, 134 So.2d 717 (La.App.3d Cir.1961); Jenkinson v. Clemons, supra.
As we have already observed, in the instant suit plaintiff has made a number of inconsistent statements as to when the accident occurred, and as to how long she delayed after her alleged injury before she sought medical attention. Also, her testimony to the effect that the tack was preserved and shown to Dr. Thompson has been contradicted by the doctor. In these respects her testimony has been discredited.
The only circumstance which seems to support plaintiff’s account of the accident is the fact that Dr. Thompson found a puncture wound of her foot. But, if the doctor attached any significance at all to this wound then he must have assumed that it occurred two weeks before he first examined plaintiff, since that is the history she gave him. Such an assumption or finding, of course, would be inconsistent with her testimony at the trial and the allegations in the petition. It also would mean that she must have worked at least one additional day after the accident occurred, without complaint or a report of the accident, which also is not consistent with her testimony.
We, like the trial judge, are unable to determine from the evidence how or when the accident occurred, and we thus agree with the trial judge that plaintiff has failed to sustain the burden which rests on her of establishing that a work connected accident occurred and that her present disability resulted from such accident.
For the reasons herein assigned, the judgment appealed from is affirmed. The costs of this appeal are assessed to plaintiff-appellant.
Affirmed.