FRUGÉ, Judge.
Plaintiff, Chester Roy Walton, filed this action seeking benefits under the applicable provisions of the Louisiana Workmen’s Compensation Law. Plaintiff was employed by the Town of Jena, in the capacity of garbage collector, for several months during the year of 1971. The crux of the plaintiff’s action is an asserted disability alleged to have arisen out of an accidental slipping or falling down upon a grassy knoll while in the act of picking up a garbage can. The lower court held that the plaintiff failed to prove by a preponderance of the evidence that he suffered any disability which could be causally connected to the alleged accident complained of. We affirm.
It is well settled that the workmen’s compensation claimant’s burden of proof includes the element of causation. In satisfying this burden, the plaintiff must show a causal relationship between the accident and the resulting disability. The facts, as revealed from the record and as discussed in the following paragraphs, readily demonstrate that the plaintiff has failed to carry this required burden of proof.
The plaintiff’s alleged disability was claimed to have arisen while in the course and scope of his employment. The record reveals that if an accident did transpire, it was not witnessed by others. The issue of the actual occurrence of the accident, within the course and scope of the employment of the plaintiff, is hotly contested by the parties litigant. However, this court abstains from the issue of the happening vel non of the accident itself, and bases its determination upon the lack of a causal connection between the plaintiff’s disability and any accident which may have occurred within the course and scope of his employment.
In his petition, plaintiff asserted that his disability resulted from an accident which occurred on or about the 1st of September, 1971. At the trial of this case, in the lower court, plaintiff was unable to designate the actual date of the accident with any degree of certainty. He could only state that the accident occurred somewhere around the middle of September, but plaintiff did not know the exact date.
In regard to the plaintiff’s disability vel non, Dr. D. M. Kingsley’s report, predicated upon examinations of plaintiff conducted June 28 and July 17, 1972, contains the best evidence in favor of the plaintiff’s position. It also contains conditional language which, when considered in light of the other factual circumstances, nullifies this same evidence as a source or foundation for an award to the plaintiff. Dr. Kingsley was of the opinion that plaintiff was disabled, but the doctor was unable to relate this disability to any previous accident unless it could be confirmed that the plaintiff had been doing well before September, 1971, the month the alleged accident happened.
The plaintiff’s position is weakened by the trial court’s admission of records from the Veterans Administration Hospital, which revealed that plaintiff had been ex *634 amined on August 20, 1971, by doctors of this hospital who made the following finding: Dr. John C. Crenshaw performed an orthopedic evaluation of the plaintiff and noted in his report that plaintiff stated his back was becoming worse and hurting more, and that he had had continuous pain in the lower mid-back which occasionally extended down one or the other leg. Plaintiff also had stated that the pain was made worse by physical exertion or manual labor, and that plaintiff might have to quit this type of work or perhaps lose his job because of being absent from work due to his back trouble. The Veterans Administration Hospital records also revealed that the plaintiff had been injured while in the Armed Services during the year of 1967 and was hospitalized and underwent two disc operations to correct back difficulties during that same year.
The plaintiff’s medical history subsequent to the month of September, 1971, is given complete and explicit treatment in the following excerpt borrowed from the written reasons supplied by the learned trial court.
“On October 20, 1971 the plaintiff was admitted to the V.A. Hospital in Alexandria, Louisiana. (See Exhibit D-3) At that time the plaintiff’s history was reviewed and no mention was made of an accident in September of 1971. The plaintiff was discharged on November 12, 1971 in an improved condition with a notation the plaintiff was then fully able to return to work. The summary reflects the plaintiff suffered from nonspecific degenerative changes and that his rehabilitation potential was poor. No medication was prescribed on discharge but a back brace was suggested. The possible need for surgery was noted.
After November 12, 1971, the plaintiff was seen by the Veteran’s Administration physicians on December 8, 1971, and on February 2, April 12, June 14, July 12, October 4 of 1972 and on January 17 and February 28 in 1973.
It is apparent that throughout 1972 the physicians were considering surgery and myelogram examination. However, on January 17, 1973 the V.A. physician stated an opinion that the plaintiff’s complaints were out of proportion to findings in his physical examination and he concluded that hospitalization was not warranted at that time. He noted certain findings were negative when the motion was not done obviously. On-February 28, 1973 the plaintiff again returned to Alexandria and again a discrepancy was noted between his actions done under full observation and indirect observation. It was further noted that in spite of his claim he had not been able to work in one and a half years that his hands showed multiple callouses and signs of heavy manual labor and he was described as an extremely muscular and well developed man. The report states that findings on physical examination were negative and the physician concluded by stating that complaints were subjective only without objective verification.”
We adhere to the law as stated by this court in the case of Porter v. Augenstein Construction Company, 280 So.2d 861, 864 (La.App. 3rd Cir. 1973), which we deem appropriate in the instant case.
“The law is settled that an employer accepts an employee as he finds him, and that ordinarily the Workmen’s Compensation Act affords coverage if a work-connected accident precipitates or accel-efates a pre-existing disposition or disease into becoming a present disability. DeVille v. Travelers Ins. Co., 176 So.2d 824 (La.App. 3rd Cir. 1965); Johnson v. Employers Mutual Liability Ins. Co. of Wis., 250 So.2d 38 (La.App. 3rd Cir. 1971); Lum v. Employers Mutual Liability Co. of Wis., 216 So.2d 889 (La.App. 2nd Cir. 1968).
A claimant’s disability is presumed to have resulted from an accident, if before the accident the injured person was in *635 good health, but commencing with the accident the symptoms of the disabling condition appear and continuously manifest themselves afterward, provided that the medical evidence shows that there is a reasonable possibility of causal connection between the accident and the disability. Bourque v. Monte Christo Drilling Corporation, 221 So.2d 604 (La.App. 3rd Cir. 1969); Cripps v. Urania Lumber Co., 213 So.2d 353 (La.App. 3rd Cir. 1968); Carney v. Liberty Mutual Ins. Co., 277 So.2d 175 (La.App. 3rd Cir. 1973).”
From the foregoing, it can be said that the plaintiff could have obtained relief had he shown by a preponderance of the evidence that a work-connected accident had precipitated or accelerated a pre-existing disposition or disease into a present disability. It would likewise be the case, had the plaintiff been able to establish that he had in fact been in good health but that a work-connected accident resulted in his disabling condition. We do not find that the plaintiff’s evidence is commensurate with the proof required to afford the recovery demanded in this case.
Plaintiff has attempted to prove the occurrence of the accident and his resulting disability through his own testimony, as well as that of his wife and his wife’s aunt. The case of Serean v. Kaiser Aluminum & Chemical Corp., 277 So.2d 732, 734 (La.App. 4th Cir. 1973), would be supportive of the plaintiff’s position if the factual circumstances in the instant case were different. In Serean the following was stated:
“The testimony of plaintiff alone may prove the disabling accident where there are corroborating circumstances. Delafosse v. Industrial Painters, Inc., 199 So.2d 559 (La.App. 3rd Cir. 1967) [and Guilbeaux v. Trinity Universal Insurance Company, 134 So.2d 717 (La.App. 3rd Cir. 1961)].”
The recent case of Sensley v. Aetna Casualty & Surety Co., 269 So.2d 473, 475 (La.App. 1st Cir. 1972), is here cited for the following statements of law: First, that the plaintiff’s burden of proof must be by a preponderance of the evidence and to a legal certainty, and that mere speculation, conjecture, possibility, and even unsupported probability are insufficient to support a judgment. Secondly, that the testimony of ' the employee alone may be sufficient, provided his testimony is supported by surrounding facts and circumstances and if there is nothing to discredit his account of the accident.
In Carney v. Liberty Mutual Insurance Co., 277 So.2d 175, 179 (La.App. 3rd Cir. 1973), it was stated that workmen’s compensation claimants enjoyed the presumption that the accident caused the injury where the symptoms appear commencing with the accident and continuously manifest themselves thereafter, provided such evidence is consistent with the medical testimony. In the instant case, however, abundant evidence has been introduced which has effectively demonstrated the inconsistency of plaintiff’s disability with any accident alleged to have taken place within the month of September, during the year 1971.
In the case of Ardoin v. Houston Fire & Casualty Insurance Co., 235 So.2d 426, 429 (La.App. 3rd Cir. 1970), an extremely important statement of law was made which is found to be precisely in point in the instant case.
“. . . in determining whether a claimant’s disability is causally related to an accident, great weight attaches to the fact of a sudden change from a condition of health or ablebodiedness prior to the accident to one of disability immediately thereafter. Nixon v. Pittsburgh Plate Glass Company, 161 So.2d 361, 367 (La.App. 3rd Cir. 1964); Taylor v. Mansfield Hardwood Lumber Company, 65 So.2d 360 (La.App. 2nd Cir. 1953).
Apropos of the court’s statement in Ardoin is that made by the lower court in the in *636 stant case in regard to the plaintiff s disability :
“The Court is of the opinion that the plaintiff’s back difficulties began on or before August 20, 1971 and that no sudden or dramatic incident was responsible for his difficulties. Instead, it appears the plaintiff has suffered from a slow and progressive degeneration going back to and stemming from an accident in the armed forces in 1967. The plaintiff’s alleged fall in September of 1971 did not significantly alter or worsen his back condition.”
From the medical history as revealed by the record, and from the application of the appropriate jurisprudence, it is concluded that any disability which may affect the plaintiff is causally unrelated to any work-connected accident. In reaching our decision, we are not forgetful of the paternalistic nature and intent of the Louisiana Workmen’s Compensation Law. We are aware of the plaintiff’s testimony as well as that given by his wife and his wife’s aunt. It is also recognized that veracity and credibility of a claimant are of paramount importance where an issue in a compensation case is predicated largely or entirely on claimant’s testimony. Weber v. Service Painting Company of Beaumont, 252 So.2d 675, 679 (La.App. 1st Cir. 1971).
It is concluded by this court that the testimony of the plaintiff and of his witnesses was not found by the lower court to preponderate in favor of his recovery, and our review of the record has ultimately resulted in a similar finding. In sum, the evidence shows the following: (1) there were no witnesses to the accident; (2) plaintiff continued working in the same job for a period of time (15 to 30 days) after the accident; (3) plaintiff never made any demand for compensation benefits prior to filing suit; (4) plaintiff never reported the alleged accident to any doctor until ten months after its asserted occurrence; and (5) plaintiff had a history of chronic back trouble. No one of these factors is conclusive as to a denial of coverage under our workmen’s compensation law, but when taken collectively they do require such a result under our law.
Because of our determination that there was in fact no work-connected disability, it is unnecessary for the purposes of this appeal to undertake an examination of whether or not there was, in fact, an accident which did transpire within the course and scope of the plaintiff’s employment.
For the above and foregoing reasons, the judgment of the lower court is affirmed. Appellants are to pay all costs.
Affirmed.