HALL, Judge.
Plaintiff, Mrs. Nellie B. Schwab, sued her former employer Tri-States Distributing Company, Inc. and its insurer, The Fidelity & Casualty Company of New York, for workmen’s compensation benefits, penalties and attorney’s fees based on total and permanent disability allegedly due to a disc injury sustained on November 8, 1972, while lifting a box of transformers in the course and scope of her employment. Defendants defended on the basis that no such accident occurred and that plaintiff’s herniated disc did not result from an on-the-job accident. After trial, the district court rejected plaintiff’s demands and dismissed her suit. Plaintiff appealed. This court affirms the judgment of the district court.
The sole issue in this case is whether plaintiff bore her burden of proving her disc injury was sustained in an on-the-job accident. The resolution of this issue depends on evaluation of the credibility, accuracy and weight to be given to the testimony of the several witnesses for plaintiff and defendants. Although the reasons of the district court’s decision do not appear in the record, that court obviously concluded plaintiff failed to prove her case. We find no error in that conclusion.
Plaintiff was employed in the parts department of the defendant company. She testified that on Wednesday, November 8, 1972, as she was lifting a box of transformers, she felt a pain in her back. She remarked to a co-employee, Sally Smith, who was standing nearby, “Oop, I did it.”. Sally Smith replied, “Miss Nellie, what have you done?”. Plaintiff said “I have hurt that dad gum back”. Sally Smith said to give her one of the transformers and let her weigh it. It weighed sixteen pounds and there were five or six in the box. Plaintiff testified Henry Ponder, the service manager, was in the room about twenty to twenty-five feet away at the time, but he did not witness the accident and she said nothing to him at the time.
Plaintiff testified that although experiencing some pain, she worked the rest of the day and Thursday and Friday. Friday night she bowled in a league with her husband and friends. Over the weekend, her pain became worse and she stayed in and around the house. Monday she went to work but left around noon because of her pain and discomfort and went home after telling Henry Ponder her back was killing her.
She called Dr. Burt, who had treated her for a previous back injury, and subsequently went in to see him on November 16, eight days after the alleged accident.
Dr. Burt’s testimony reveals that plaintiff told him on the day of the examination she had a sudden catch in her back at work while lifting. After examination, he *890 diagnosed her condition as a possible herniated disc. She was admitted to the hospital for a few days for traction. Ultimately, on January 16, 1973, surgery was performed and a large bulging disc at the L-5 interspace was removed. Plaintiff had some postoperative complications and had not been discharged by the doctor as able to work at the time of trial in September, 1973. He was of the opinion she might be able to return to work in five or six months, but would not be able to do any lifting of over twenty-five to thirty pounds.
Dr. Burt testified that previously in December, 1971, he operated on plaintiff for a herniated disc at the L-4 interspace, which injury she had received while bowling. At that time the L-5 interspace was examined and found to be normal. She made a normal recovery and had been asymptomatic for some time prior to November, 1972.
The testimony of plaintiff’s husband lends little or no support to plaintiff’s claims of an on-the-job accident on Wednesday, November 8. He was first aware of her having some back trouble while bowling Friday night. He was aware of her having some pain over the weekend. When he came home for lunch on Monday, she was at home propped up on the sofa and she said something to the effect that her work had gotten her down.
Sally Smith testified for the defendants. She worked as a maid for Tri-States and regularly cleaned up in the parts department. She flatly denied ever having been present when plaintiff hurt her back. She denied having ever engaged in the conversation related by plaintiff and denied ever having weighed a transformer for plaintiff. She denied having witnessed plaintiff picking up a box of transformers. She denied ever hearing plaintiff complain of hurting her back, except general complaints about her back during the entire time she worked for Tri-States.
Ponder, the service manager, testified he worked in the same room with plaintiff, his desk was about twenty feet away from the counter where she testified the accident occurred, but he was usually around the counter, and that he was totally unaware of any accident having occurred. He testified he and plaintiff talked together more or less continuously during each working day and she never said anything to him about hurting her back while at work. When she stopped working at TriStates he thought it was because she was unhappy with the hiring of another employee and a change in her duties. He denied plaintiff’s testimony that he had a telephone conversation with plaintiff while she was in the hospital during which she told him she hurt her back on the job. He also denied plaintiff’s testimony that they had a later conversation at his office about the accident.
Several other employees of Tri-States testified they had no knowledge of the accident and that plaintiff never said anything to any of them about hurting her back while at work.
Plaintiff correctly argues that the occurrence of an accident can be established by the testimony of the claimant alone, if the claimant’s statements are supported by the surrounding circumstances and there is nothing to discredit the claimant’s testimony as to how the accident occurred. Webre v. Service Painting Company of Beaumont, 252 So.2d 675 (La.App. 1st Cir. 1971); Clement v. Fidelity & Casualty Co. of New York, 220 So.2d 575 (La.App.3d Cir. 1969). It is also the law, however, that the claimant in a compensation suit has the burden of proving his or her claim to a legal certainty, that is, by a preponderance of the evidence. Guillory v. New Amsterdam Casualty Company, 244 La. 225, 152 So.2d 1 (1963); Roberts v. M. S. Carroll Co., 68 So.2d 689 (La.App.2d Cir. 1953).
Here, the surrounding circumstances cast considerable doubt as to the *891 occurrence of the accident as testified to by plaintiff. The co-employee, Sally Smith, directly denied that it happened. Plaintiff’s superior, with whom she worked and talked daily in the same room, denied any knowledge of the accident and denied that plaintiff even mentioned it to him. No report was made to the company by plaintiff until several weeks later when she had surgery, if then. Plaintiff’s husband knew nothing of the accident or of plaintiff having back complaints until several nights later when they went bowling.
Plaintiff has failed to prove by a preponderance of the evidence the occurrence of an on-the-job accident.
The judgment of the district court rejecting her demands is correct and is affirmed at appellants’ costs.
Affirmed.