WILLIAMS, Judge.
Plaintiffs-Appellants, Bessie G. Whatley and her husband, Houston R. Whatley, instituted suit praying for workmen’s compensation benefits, penalties and attorney’s *481 fees, against The Travelers Insurance Company. Plaintiffs allege Bessie G. Whatley is totally and permanently disabled as a result of an injury sustained to her back by an on-job accident while in the course and scope of her employment with Jack Winter, Inc. After a trial on the merits the lower court rendered judgment dismissing plaintiffs’ suit at their cost. From this judgment plaintiffs perfected this appeal.
The issues are (1) did Mrs. Whatley sustain an injury due to an on the job accident arising out of and in the scope of her employment with Jack Winter, Inc.; and (2) if an accident occurred, are the injuries resulting therefrom disabling? If the first issue is resolved adversely to plaintiffs the second issue would not arise.
The instant suit was filed July 27, 1972. Mrs. Whatley was employed as a trimmer and inspector of blouses by Jack Winter, Inc. for some time prior to January 4, 1972. She stated that early in the day she reached into a buggy to pick up a bundle of blouses and suffered an injury. Her description of the accident is as follows:
“ * * * [T]he buggy is pretty deep and I reached over in there to get a bundle of these blouses and when I did, well, my neck and my shoulder and my back went to tingling and stinging and I just dropped it back over in there and straightened up and I went back over in there again and the same thing happened, but I went ahead and took a bundle to my trimming table and worked on it until nine o’clock and the pain was so intense till I couldn’t — I couldn’t work any longer, I was crying and I knew I couldn’t cry and trim, so I clocked out at nine o’clock and went to Bernice to Dr. Reeves and he . . . .”
Mrs. Whatley testified she told three co-workers of her injury immediately after the accident, and that she was going to the doctor. No report was made to her employer until May 9, 1972. Meanwhile, Mrs. Whatley continued on her job and was only absent for a family emergency or to visit the doctor.
Reports by two of Mrs. Whatley’s treating physicians were filed in lieu of the doctors testifying. Dr. W. C. Reeves’ report of the January 4, 1972 visit states Mrs. Whatley “gave a chief complaint of pain in her back for several days. She stated that the pain started after beginning work at the garment plant but gave no history of injury to her back or neck. My impression was that she had a fibrositis...."
Dr. James B. Weedman’s report of his May 11, 1972 examination made of Mrs. Whatley was filed in evidence. This report does not relate any history of an “accident” and states: “A white female was in good health until January, 1972 five months prior to admission when she had the onset of recurrent right upper quadrant pain and lower thoracic back pain.”
Dr. James C. Callaway, an orthopedic surgeon, by deposition, first saw Mrs. Whatley on July 7, 1972. He was first of the opinion her symptoms revealed primarily a tendinitis of the right shoulder. His final diagnosis was that she had some pathology, but did not think it was a lifting type injury. He stated the pain and spasm around the shoulder girdle and neck could have been aggravated by a lifting injury.
Mrs. Whatley’s sister, son and husband told of her complaints and inability to do housework.
The three co-workers Mrs. Whatley told of the accident did not testify nor were they summoned as witnesses. In this relation the court in Messex v. Georgia-Pacific Corporation, 293 So.2d 615 (La.App., 3 Cir. 1974) stated:
“ * * * When the testimony of the person seeking to establish the claim has been put in doubt but is susceptible of corroboration, the failure to call available witnesses possessing knowledge of *482 the disputed relevant facts may be considered in evaluating that person’s testimony. . . .”
In Hughes v. Chrysler Corporation, 216 So.2d 636 (La.App., 4th Cir. 1968) we quote:
“* * * [F]ailure to call an available witness, who possesses peculiar knowledge concerning facts essential to a party’s cause, raises the inference or presumption that the testimony of the witness not called would not sustain the party’s contention and would prove detrimental to his cause. . . . ”
This court recently in Schwab v. Fidelity and Casualty Company of New York, 294 So.2d 888 (La.App., 2d Cir. 1974) said:
“Plaintiff correctly argues that the occurrence of an accident can be established by the testimony of the claimant alone, if the claimant’s statements are supported by the surrounding circumstances and there is nothing to discredit the claimant’s testimony as to how the accident occurred. Webre v. Service Painting Company of Beaumont, 252 So.2d 675 (La.App. 1st Cir. 1971); Clement v. Fidelity & Casualty Co. of New York, 220 So.2d 575 (La.App. 3d Cir. 1969). It is also the law, however, that the claimant in a compensation suit has the burden of proving his or her claim to a legal certainty, that is, by a preponderance of the evidence. Guillory v. New Amsterdam Casualty Company, 244 La. 225, 152 So.2d 1 (1963); Roberts v. M. S. Carroll Co., 68 So.2d 689 (La.App. 2d Cir. 1953).”
The supervisory employees of Jack Winter, Inc. testified they had no knowledge of Mrs. Whatley’s alleged injury until a claim was made in May, 1972, more than four months after the alleged accident.
In a well-written opinion the trial court analyzed the testimony and evidence presented and concluded plaintiffs failed to prove with legal certainty, that is, by a preponderance of the evidence, that Mrs. Whatley, sustained an injury from an accident arising out of and in the course of her employment.
We agree with the trial court’s finding and affirm the judgment of the district court at appellants’ cost.
Affirmed.